# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELGRET L. BURDEX,    )<br>                               )<br>           Plaintiff,      )<br>                               )<br>vs.                             )     Case No. CIV-10-119-D<br>                               )<br>PHILLIP SMITH, et al.,  )<br>                               )<br>           Defendants.  ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Pursuant to an order by United States District Judge Timothy D. DeGiusti, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Before the Court is Plaintiff's motion for default judgment against "Phillip Smith et al." [Doc. No. 55].

The basis of Plaintiff's motion is the alleged failure of the Defendants to respond to the complaint. The undersigned finds Plaintiff's motion for default judgment to be without merit as to all Defendants, and therefore recommends that it be denied.

When a defendant fails to "plead or otherwise defend," and that failure is shown by affidavit or otherwise, default must be entered by the clerk of the court. Fed. R. Civ. P. 55(a). Thereafter, the prevailing party may ask the Court to enter default judgment. See Fed. R. Civ. P. 55(b)(2). Without an entry of default, the Court cannot grant judgment. See Garrett v. Seymour, No. 06-7029, 217 Fed. Appx. 835, 838 (10th Cir. Feb. 23, 2007) (the

clerk's entry of default is a prerequisite for the entry of a default judgment).[1] Here, Plaintiff alleges that a default has been entered against the Defendants, but he is mistaken. No default has been entered by the Clerk of Court in this case against any Defendant. Moreover, it appears that the Court Clerk lacks any grounds to do so. Defendant Dr. Belt filed a motion to dismiss on July 13, 2010, which is still pending and he then answered the Second Amended Complaint on July 14. The remaining Defendants filed answers on August 23, 2010. Accordingly, it is recommended that the motion for default judgment be denied.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff's motion for default judgment [Doc. No. 55] be denied. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 15, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does not dispose of the issues referred to the undersigned Magistrate Judge in the captioned matter.

---

[1] This unpublished disposition is cited as persuasive authority pursuant to Fed.R.App.P. 32.1 and Tenth Circuit Rule 32.1.

**ENTERED** this 26th day of August, 2010.

*[Signature]*
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE