# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ELGRET L. BURDEX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-119-D |
| | ) | |
| PHILLIP SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Pursuant to an order by United States District Judge Timothy D. DeGiusti, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Before the Court is the motion to dismiss of Defendant Dr. Jay Belt. Plaintiff has responded, and thus the matter is at issue.

## I. BACKGROUND

According to the complaint filed herein, Plaintiff is currently a pretrial detainee in the Caddo County jail. He claims that he has chronic illnesses that are not being treated. In Count I, Plaintiff alleges that his Eighth Amendment rights have been violated by a severe delay in medical treatment, lack of medical treatment for pre-existing terminal illness, systemic deficiencies in staffing, facilities, policy and procedures, and the administration of the wrong medication and dosage by unlicensed staff. Complaint, 3. In Count II, Plaintiff alleges his rights to a speedy trial, due process, and access to the courts have been violated.

Complaint, 3. In Count III, Plaintiff alleges various Eighth Amendment violations, including "mass punishment," lack of out of cell recreation, dirty eating utensils, lack of socks and underwear, and limited showers and toiletries. Complaint, 4. He seeks relief in the form of $5,000,000 against Defendants in both their individual and official capacities, and injunctive relief to correct these alleged deficiencies. Complaint, 5.

>Plaintiff makes the following specific allegations regarding Dr. Belt:
>
>On March 24 officer Dawson transported me to see Dr. Belt. This was over 60 days from first request. Complaints by my mother Ms. Nance on February 24, 2010, and letters from my father Aaron B. Burdex Sr. to Philip Smith, Jail Inspector, and Caddo County Commissioners.
>
>Dr. Belt talked to me for 3 minutes about my headache and mostly about how long I'd be in Caddo County Jail. He never touched me during this physical examination. He took or ordered no vitals. He couldn't tell you my weight, temperature, blood pressure, pulse if asked. He ordered a nurse to draw blood presumably to verify my hepatitis. He ordered Ibuprofen 2x a day. I receive no treatment for my chronic hepatitis, hypertension, seizure, and heart problems at present.

Complaint, Supporting Facts, ¶ 12-13.

Defendant Dr. Belt moves for dismissal under Fed.R.Civ.P. 12(b)(6), arguing that Plaintiff has at the most alleged medical malpractice, which is not actionable under § 1983. Motion to Dismiss of Defendant Belt, 5. He claims that Plaintiff's conclusory allegation of "deliberate indifference" is insufficient to overcome dismissal; the pleadings must contain factual allegations supporting a claim that a physician both objectively and subjectively treated the prisoner with deliberate indifference. Id. at 5-6.

## I. STANDARD GOVERNING MOTIONS TO DISMISS

Traditionally, a complaint was subject to Rule 12(b)(6) dismissal for failure to state a claim upon which relief could be granted if "it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957), abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). However, in Twombly, the Supreme Court remarked that this phrase is "best forgotten as an incomplete, negative gloss on an accepted pleading standard" that "has earned its retirement." Twombly, 550 U.S. at 563. In its place, the Court articulated a new "plausibility" standard for reviewing Rule 12(b)(6) motions to dismiss under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." Id. at 570; accord Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "Rather than adjudging whether a claim is 'improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level.'" Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (alterations omitted) (quoting Twombly, 550 U.S. at 555) (evaluating pro se prisoner complaint under plausibility standard). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

A court considering the sufficiency of a complaint still must "accept the allegations

3

of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Kay, 500 F.3d at 1217 (quoting Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002)). Furthermore, a pro se complaint must be liberally construed and held to less stringent standards than pleadings drafted by lawyers. Id. at 1218. However, the broad reading of pro se complaints "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Thus, a reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); accord Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)).

Additionally, a court evaluating a complaint tested by a motion to dismiss may consider the complaint and any documents attached to it as exhibits. Hall, 935 F.2d at 1112; see also Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (evaluating sufficiency of complaint by reference only to the allegations of the complaint). With this standard in mind, the undersigned will turn to the motion at hand.

## II. DISCUSSION

As noted, Defendant Dr. Belt argues that Plaintiff has failed to allege facts showing that he was deliberately indifferent to Plaintiff's medical needs. Motion to Dismiss of

4

Defendant Belt, 5. The Eighth Amendment[1] creates an obligation on the part of prison officials to provide adequate health care to inmates. Estelle v. Gamble, 429 U.S. 97, 103 (1976). This obligation "includes medical treatment for inmates' physical ills [and] dental care[.]" Ramos v. Lamm, 639 F.2d 559, 574 (10th Cir. 1980) (internal quotations and citations omitted). The fact that a state must provide medical treatment does not mean, however, that mere negligence in diagnosing or treating an inmate's medical condition gives rise to a valid constitutional claim under the Eighth Amendment. Estelle, 429 U.S. at 106. Rather, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. This standard is met when (1) there is a medical need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," and (2) a prison official "knows of and disregards an excessive risk to inmate health or safety." Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000). A prisoner must satisfy both the objective component and the subjective component of the deliberate indifference test. Mata v. Saiz, 427 F.3d 745, 751-752 (10th Cir. 2005).

Not every claim of inadequate medical treatment rises to the level of a constitutional

---

[1] Claims of inadequate medical care made by a pretrial detainee are governed by the Fourteenth Amendment's Due Process Clause; however, the scope of this protection is co-extensive with the Eighth Amendment. Craig v. Eberly, 164 F.3d 490, 495 (10th Cir.1998) ("Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims.") (citation omitted); Olsen v. Layton Hills Mall, 312 F.3d 1304, 1315 (10th Cir. 2002) ("Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment, [and courts in this circuit] appl[y] an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983.").

5

violation. A claim of medical malpractice or negligence plainly does not constitute a constitutional violation. Estelle, 429 U.S. at 105-06. As the Supreme Court has stated:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Id. at 106; see Whitley v. Albers, 475 U.S. 312, 319 (1986) (Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety"); Handy v. Price, 996 F.2d 1064, 1067 (10th Cir. 1993) (a claim that prison doctor was negligent in treatment of plaintiff did not constitute a constitutional violation). Likewise, a disagreement over a course of treatment does not amount to a constitutional violation. Ramos, 639 F.2d at 575 ("a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment"); Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 811 (10th Cir. 1999) (disagreements with the treatment provided by prison medical staff do not in themselves rise to the level of deliberate indifference necessary to show a violation of the Eighth Amendment). As measured against these standards, Plaintiff's claim against Dr. Belt should be dismissed.

Plaintiff's allegations show that he was treated by Dr. Belt, and that Dr. Belt ordered blood tests and prescribed medication. However, Plaintiff alleges that he was not examined

and treated as he would have liked. The question of what diagnostic tests should be performed and the form of treatment are classic examples of medical judgment. Thus, medical decisions regarding such tests and treatment do not represent cruel and unusual punishment. At most, such decisions amount to medical malpractice, which is not actionable under the Eighth Amendment. See Estelle, 429 U.S. at 106.

In his response, Plaintiff claims that "Dr. Belt was made aware of every issue concerning the plaintiff's current medical complaints and his medical history." Plaintiff's Response to Motion to Dismiss, 1. He argues that failure to conduct an adequate examination may support the claim of an Eighth Amendment violation. Id. at 2. He alleges that Dr. Belt's examination was only three minutes long, that he never touched Plaintiff nor took vital signs. He alleges that Dr. Belt asked questions regarding how long Plaintiff would be in the Caddo County Jail as opposed to prison, and asked Defendant Wayne Dawson – who accompanied Plaintiff to the appointment and who is identified in the Complaint as the Caddo County Sheriff – to call the jail and confirm Plaintiff's status. Plaintiff's Response to Motion to Dismiss, 4. Plaintiff states that from this fact he "is sure his incarceration was a major factor in Dr. Belt not treating all of his serious complaints." Id. at 4.

The undersigned finds these allegations insufficient to establish that Dr. Belt was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff's allegations show that Dr. Belt was aware of his medical history, and that he ordered a blood test that measured

forty separate elements.[2] Dr. Belt's failure to touch Plaintiff during the examination or take vital signs does not demonstrate that Dr. Belt ignored a substantial risk of serious harm. Careless diagnosis or treatment of known serious medical needs is insufficient. As expressed in Farmer v. Brennan, 511 U.S. 825, 828 (1994), a plaintiff must show that the defendant in question intentionally ignored "a substantial risk of serious harm to an inmate" to maintain a constitutional claim under the Eighth Amendment. The state of mind required is "more blameworthy than negligence." Id. at 835. Specifically, Farmer indicated that careless diagnosis or treatment of known " serious medical needs of prisoners" is insufficient. Id. Furthermore, Dr. Belt's interest in where Plaintiff was to be incarcerated in the near future does not support an inference that he was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff was already incarcerated, so Dr. Belt's interest in where he was to be housed does not support an inference that he ignored Plaintiff's needs simply because he was incarcerated. Such an inquiry is equally – perhaps more – consistent with an inference that Dr. Belt was interested in the type of medical care that would be available to Plaintiff in the near future, which was dependant on the place of incarceration.

In light of the foregoing, the undersigned finds that Plaintiff's claims against Dr. Belt should be dismissed for failure to state a claim under the Eighth Amendment. However, because amendment could potentially cure this defect, the dismissal should be without prejudice. Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990) (stating that

---

[2]The "Final Sample Report" showing the elements analyzed as part of the blood test as well as the results thereof are contained in the special report. Special Report, Ex. 2, p. 5-6.

dismissal without prejudice should result when a pro se litigant's pleading defects are potentially curable).

## **RECOMMENDATION**

For the reasons and to the extent set forth above, it is recommended that the motion to dismiss of Defendant Dr. Jay Belt [Doc. No. 41] be granted, and that the claims against him be dismissed without prejudice. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 20, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 31st day of August, 2010.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE