# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ELGRET L. BURDEX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-119-D |
| | ) | |
| PHILLIP SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Pursuant to an order by United States District Judge Timothy D. DeGiusti, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Before the Court is Plaintiff's motion for temporary restraining order and preliminary injunction [Doc. No. 22]. For the following reasons, it is recommended that the motion be denied as moot.

According to the Second Amended Complaint, Plaintiff is currently a pretrial detainee in the Caddo County jail. Second Amended Complaint, 2. He claims that he has chronic illnesses that are not being treated. Id. In Count I, Plaintiff alleges that his Eighth Amendment rights have been violated by a severe delay in medical treatment, lack of medical treatment for pre-existing terminal illness, systemic deficiencies in staffing, facilities, policy and procedures, and the administration of the wrong medication and dosage by unlicensed staff. Second Amended Complaint, 3. In Count II, Plaintiff alleges his rights to a speedy trial, due process, and access to the courts have been violated. Second Amended Complaint,

3. In Count III, Plaintiff alleges various Eighth Amendment violations, including "mass punishment," lack of out of cell recreation, dirty eating utensils, lack of socks and underwear, and limited showers and toiletries. Second Amended Complaint, 4. He seeks relief in the form of $5,000,000 against Defendants in both their individual and official capacities, and injunctive relief to correct these alleged deficiencies. Second Amended Complaint, 5. Named as Defendants are the jail administrator of the Caddo County jail, the Board of County Commissioners of Caddo County and several employees of the Caddo County Sheriff's office.[1]

In reviewing Plaintiff's request for injunctive relief, the undersigned notes that the last two orders mailed to Plaintiff at the Caddo County jail, which is the address he has provided the Court, have been returned as undeliverable. [Doc. Nos. 62, 63, 65]. The envelope in which the orders were mailed was returned on October 14, 2010, with the notation "No Longer Here." [Doc. No. 65, p. 5].

Because Plaintiff is apparently no longer housed in the Caddo County jail, and because he alleged that he was a pre-trial detainee there in connection with a state criminal prosecution, the undersigned has reviewed the electronic docket in Plaintiff's criminal case. The docket report reveals that Plaintiff was convicted by a jury on September 15, 2010. Case No. CF-2008-49, District Court of Caddo County <http://www1.odcr.com/detail.php?Case=008-CF%20%200800049&County=008-> (accessed Nov. 29, 2010). Indeed, the

---

[1] Dr. Belt was a named Defendant, but he has now been dismissed. Order dated October 8, 2010 [Doc. No. 63].

Oklahoma Department of Corrections shows that Plaintiff was received into its custody on October 12, 2010. Oklahoma Dep't of Corr. <http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=105093&offender book_id=14331>(accessed Nov. 29, 2010). Because it is apparent that Plaintiff is no longer being held in the Caddo County jail, the undersigned finds that Plaintiff's claims for injunctive relief are moot. See Franklin v. Kansas Dept. of Corrections, No. 05-3166, 160 Fed.Appx. 730, 734 (10th Cir. Dec. 23, 2005)[2] ("because Franklin has been transferred away from both LCF and HCF, his claims for injunctive relief are moot."); see McAlpine v. Thompson, 187 F.3d 1213, 1215 (10th Cir.1999 ) (stating that release from prison generally moots claims for injunctive relief); Love v.Summit County, 776 F.2d 908, 910 n. 4 (10th Cir. 1985) (indicating that the general rule applies to a transfer between prisons). It is therefore recommended that Plaintiff's request for injunctive relief be denied as moot.

The Plaintiff is hereby cautioned that the local rules of this Court require litigants to keep the Court apprised of their current address:

> (a) All papers shall contain the name, mailing address, daytime telephone number, fax number, and e-mail address, if any, of the attorney or pro se litigant. If any of this information changes, the attorney or pro se litigant must notify the Court by filing the form provided by the Clerk and serving a copy on opposing counsel or pro se parties. Papers sent by the Court will be deemed delivered if sent to the last known address given to the Court.

LCvR5.4. It is incumbent on litigants, pro se litigants included, to follow the Court's rules,

---

[2]Unpublished disposition cited pursuant to Fed.R.App.P. 32.1 and Tenth Circuit Rule 32.1.

especially those as nonburdensome as Local Civil Rule 5. 4.  See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980). Plaintiff's lack of interest in maintaining this litigation combined with the Court's inherent power to manage judicial resources could warrant dismissal of this action without prejudice if he fails to advise the court of his current address.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's request for injunctive relief [Doc. No. 22] be denied as moot.  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 20, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 30th day of November, 2010.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE