# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ELGRET L. BURDEX, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-119-D |
| | ) | |
| PHILLIP SMITH, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Pursuant to an order by United States District Judge Timothy D. DeGiusti, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, it is recommended that the complaint be dismissed for Plaintiff's failure to keep the Court advised of his current address.

On December 27, 2010, Defendants Smith, Phy, Mayall, Dawson, Board of Caddo County Commissioners, and Defendant Jane Doe (Kelly Wall) moved the Court to compel Plaintiff to respond to several outstanding discovery requests. [Doc. No. 70]. In reviewing the court file in connection with that motion, the undersigned noticed that several of the Court's orders had been sent to Plaintiff at the address he has provided and yet returned as undeliverable. See Doc. Nos. 65, 68, 69, 72. In their motion to compel, Defendants state that they also sent a letter to Plaintiff at another address – the Lexington Assessment and Reception Center (an Oklahoma Department of Corrections facility) – and yet received no

response.

A change of address notice is required by Local Civil Rule 5.4 and under that Rule, documents mailed by the Court are deemed delivered if mailed to the last known address given to the Court. It is incumbent on litigants, even pro se litigants, to follow the local rules, especially those as nonburdensome as Local Civil Rule 5.4. See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980). Plaintiff's lack of interest in maintaining this litigation – as demonstrated by his failure to cooperate in Defendants' efforts to conduct discovery and his failure to inform the Court of his apparent change of address – combined with the Court's inherent power to manage judicial resources warrants dismissal of this action without prejudice. Accordingly, it is recommended that the action be dismissed without prejudice.

## RECOMMENDATION

For the reasons set forth above, it is recommended that this action be dismissed without prejudice. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 3, 2011, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. In light of this recommendation, Defendants' Motion to Compel [Doc. No. 70] is hereby denied as moot. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred

to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 14th day of January, 2011.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE