IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELGRET L. BURDEX, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-10-119-D |
| ) | |
| PHILLIP SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff, a state inmate appearing *pro se*, brought this action pursuant to 42 U. S. C. § 1983, alleging numerous violations of his constitutional rights while he was a pretrial detainee at the Caddo County jail in Anadarko, Oklahoma. Upon the filing of the action, the matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings, pursuant to 28 U. S. C. § 636(b)(1)(B). At some time during the pendency of this action, Plaintiff was placed in the custody of the Department of Corrections, and is now incarcerated in Hominy, Oklahoma.

On January 14, 2011, the Magistrate Judge filed a Report and Recommendation [Doc. No. 73] in which he recommended the Complaint be dismissed because of Plaintiff's failure to comply with the Local Civil Rules of this Court; specifically, Plaintiff failed to keep the Court advised of his current address, as required by LCvR 5.4. As set forth in the Report and Recommendation and the Court's Order of March 15, 2011 [Doc. No. 75], the Court file reflects that, during the time period after October 2010, orders and other case-related materials mailed to the Plaintiff were continually returned as undeliverable. However, those mailings had all been sent to the only mailing address provided to the Court by the Plaintiff. In addition, the Magistrate Judge noted in the Report and Recommendation that several defendants had filed a motion to compel discovery from Plaintiff, stating in part that discovery requests mailed to him had been returned as undeliverable.

Plaintiff never filed a change of address in this case. As the Magistrate Judge noted in the January 14, 2011 Report and Recommendation, the Local Civil Rules very clearly state that it is the litigant's responsibility to provide a current address, and documents mailed by the Court are deemed delivered if mailed to the last address provided by the litigant. *See* LCvR 5.4.

Because Plaintiff had not provided a new mailing address, the January 14, 2011 Report and Recommendation was also returned as undeliverable, and the objection deadline expired. While preparing to issue an Order on the Report and Recommendation, the undersigned determined that, on February 15, 2011, the Clerk changed Plaintiff's mailing address in this case. Further review established that Plaintiff filed a change of address in another action in this Court, Case No. CIV-08-1032-D, and the Clerk made the address change in all cases filed by Plaintiff and pending in this Court at that time. Because that address change had not occurred when the Report and Recommendation was mailed to Plaintiff, the Court directed that the Report and Recommendation be mailed to his new address, and granted Plaintiff additional time to file an objection.

Plaintiff has now filed an objection in which he acknowledges that he is aware of the Local Civil Rule requiring him to provide a correct mailing address. He states that he thought he had done so. He also states he notified the Clerk in October that he had been transferred to the Lexington assessment and reception center, and he thought he later provided his current address. Plaintiff also states that he had insufficient writing material while at Lexington.

The Court file reflects that he did not provide a proper mailing address in October. As this Court noted in an Order entered in the separate case, No. CIV-08-1032-D[1], the file in that case reflects that the Clerk received a postcard from Plaintiff on October 19, 2010; however, that postcard states only that Plaintiff's address is the Oklahoma Department of Corrections, and it provides no

---

[1] As Plaintiff points out, this Court's March 15, 2011 Order [Doc. No. 75] inadvertently listed in the style of this case the name of the defendant in Case No. CIV-08-1032-D.

2

city, town, post office box, or other proper mailing information to which his mail could be directed. *See* Order [Doc. No. 55] in Case No. CIV-08-1032-D. Plaintiff's current address was not provided to the Court Clerk until February 15, 2011, when Plaintiff filed a motion for extension of time in Case No. CIV-08-1032-D; in that motion, he provided a correct current mailing address.

Plaintiff expresses a desire to continue to pursue his claims in this case[2], and asks the Court to decline to dismiss it under these circumstances. He states that his failure to comply with Local Civil Rule 5.4 was the result of his mistake.

Given these unique circumstances, the Court concludes that dismissal for the reasons set forth in the Report and Recommendation is no longer appropriate. While the Court does not condone Plaintiff's failure to comply with the Local Civil Rules, the record reflects that his failure to do so resulted from a mistake. Plaintiff is expressly admonished, however, that future failures to comply with the Local Civil Rules or the Federal Rules of Civil Procedure will not be tolerated and may result in sanctions, including possible dismissal of this action.

Accordingly, under these circumstances, the Court declines to adopt the Report and Recommendation [Doc. No. 73]. This case is again referred to Magistrate Judge Argo for further action.

IT IS SO ORDERED this 19th day of April, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that some of his requested relief may be moot, as he seeks a Court order directing that certain corrective actions be taken by one or more of the defendants with regard to the operation of the Caddo County jail. Such requests are in the nature of injunctive relief, and such relief is now moot because Plaintiff is no longer incarcerated at the Caddo County jail. *See McAlpine v. Thompson*, 187 F. 3d 1213, 1216-18 (10th Cir. 1999).

3