## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

ELGRET L. BURDEX,                    )
                                     )
                Plaintiff,           )
                                     )
vs.                                  )        Case No.  CIV-10-119-D
                                     )
PHILLIP SMITH, et al.,               )
                                     )
                Defendants.          )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner[1] appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights.  Pursuant to an order by United States District Judge Timothy D. DeGiusti, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Currently before the Court is Defendants' motion to dismiss for failure to prosecute. Plaintiff has responded by requesting the appointment of counsel.  Defendants have responded to Plaintiff's motion.  Thus the matters are at issue and ready for disposition.  For the reasons set forth herein, Plaintiff's motion for appointment of counsel is denied, and it is recommended that Defendants' motion to dismiss be granted and the action be dismissed without prejudice.

In support of their motion to dismiss, Defendants note that this action was instituted on February 5, 2010, that they answered on August 23, 2010, and that since that time

---

[1]At the time this action was filed, Plaintiff was a pretrial detainee in the Caddo County jail, and his claims involve events occurring during his confinement in the jail.

Plaintiff has failed to prosecute his case or comply with this Court's previous order compelling him to respond to Defendants' written discovery requests. Defendants' Motion to Dismiss, 2.

The discovery requests were served on October 25, 2010, and when Plaintiff failed to respond Defendants filed a motion to compel. [Doc. No. 70]. The Court granted the motion, and Plaintiff was given until May 12, 2011, to respond to Defendants' discovery requests. [Doc. No. 78]. On May 12, 2011, Plaintiff filed a motion for additional time to respond to the discovery requests, claiming that he had suffered a "debilitating stroke" on approximately May 3, 2011, that he had been housed in the Dick Conner Correctional Center's medical unit, and had just regained access to his legal materials and the prison law library. [Doc. No. 79]. Also on May 12, 2011, Plaintiff filed a copy of his first interrogatories and requests for production directed to the Defendants, and on May 19, he filed a motion for hearing and a motion to appoint counsel. [Doc. Nos. 80, 81, 82].

The Court granted the motion for extension of time to respond to Defendants' discovery, and directed Plaintiff to respond to the outstanding discovery requests no later than July 5, 2011. [Doc. No. 85]. With regard to the motion for appointment of counsel, the Court recognized the serious nature of the reasons given by Plaintiff in his motion for appointment of counsel, but found that because the status of his condition was apparently still being assessed by the medical staff at Dick Conner, and he appeared still able to adequately address the issues presented at that stage of the litigation, denied the motion without prejudice to Plaintiff's right to renew his request once the full nature of his condition was

determined.

On July 28, 2011, Plaintiff notified the Court that he was now housed at the Joseph Harp Correctional Center in Lexington, Oklahoma. [Doc. No. 87].  After almost seven months had passed with no substantive activity[2] in the case, the undersigned entered a scheduling order. [Doc. No. 91]. The deadline to complete discovery was set for June 1, 2012.  On March 7, 2012, Defendants sought leave to depose Plaintiff, and their motion to do so was granted. [Doc. Nos. 92-93].

On March 19, 2012, Defendants filed the motion to dismiss now before the Court, noting that they "have received no communication, correspondence, discovery requests or responses, etc., from the Plaintiff [and] should not have to take Plaintiff's deposition without having written discovery conducted."  Defendants' Motion to Dismiss, 3.

In his most recent motion for appointment of counsel, Plaintiff refers to his "major stroke," and further states that he cannot afford to pay for copies of his medical records. Plaintiff's Response, 1-2.  He claims that he "is not physically nor mentally capable of adjudicating this case at bar, nor are the untrained and non-certified inmates who were helping."  Id. at 2.  He also claims that he needs an expert witness to verify whether the treatment "he did or did not receive at Caddo County played any part in the stroke."  Id.  He claims that the inmate who was helping him has refused further involvement "for fear of dismissal because of errors made by him."  Id.

---

[2]During this time, the only activity in the case was a substitution of counsel for the Defendants. [Doc. Nos. 88-90].

Plaintiff declares to the Court under penalty of perjury that "his stroke has left him partially blind in his left eye, his motor skills for the left arm, leg, and hand are virtually non existent.  This stroke has left him unable to consentrate [sic], confused, disoriented and unable to understand the complex issues of law, or evan [sic] the simple issues of discovery and admit and denies." Id.  He claims that the Defendants will have to rely on his Oklahoma Department of Corrections medical records to disprove his statement under penalty of perjury, and that if they do not challenge his statement that appointment of counsel should be automatic. Id. at 3.

In response, Defendants note that the change of address indicates that Plaintiff is no longer in the medical unit at Dick Conner Correctional Center, and that Plaintiff has failed to provide any independent support for his claims regarding the nature and extent of his limitations.  Defendants' Response to Motion for Appointment of Counsel, 2.  They further note that the Court has broad discretion in deciding whether to appoint counsel to represent an indigent litigant in a civil proceeding.  Id. at 3.

When the Court denied Plaintiff's last motion for appointment of counsel, it was done so without prejudice to Plaintiff's right to renew his request once the full nature of his condition was determined as well as its possible effect on his ability to litigate his claims. Yet, almost ten months have gone by without Plaintiff taking any action to move the case forward–until his request to appoint counsel, which he apparently filed in response to Defendants' motion to dismiss.

A district court has the inherent power to dismiss a case for a plaintiff's failure to

prosecute. <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 630-31 (1962); <u>Thornton v. Estep</u>, No. 05-1263, 209 Fed. Appx. 755, 757 (10th Cir. Dec. 18, 2006)[3] (district court did not abuse its discretion by dismissing pro se inmate's petition for writ of habeas corpus for failure to prosecute due to inmate's failure to comply with local rule regarding notification to the court of change of address).

When a dismissal is without prejudice, the Court generally need not follow any particular procedure.  <u>Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.</u>, 497 F.3d 1135, 1143 n. 10 (10th Cir. 2007); <u>Nasious v. Two Unknown B.I.C.E. Agents</u>, 492 F.3d 1158, 1162 (10th Cir. 2007).  However, a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired.  <u>AdvantEdge Business Group L.L.C. v. Thomas E. Mestmaker & Associates, Inc.</u>, 552 F.3d 1233, 1236 (10th Cir. 2009). Such is not a concern here because Plaintiff's action was timely commenced, and so Oklahoma's savings statute, Okla. Stat. tit. 12 § 100 will allow Plaintiff one year from the date of dismissal to recommence his action.  The savings statute provides:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail[s] in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

<u>Id.</u>.  The Tenth Circuit has found this statute to be applicable to claims under § 1983.  <u>See</u>

---

[3]This and any other unpublished disposition are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Williams v. City Of Guthrie, No. 03-6212, 109 Fed.Appx. 283, 286 (10th Cir. Sept. 8, 2004). Although the Court is sympathetic to Plaintiff's alleged health issues, it is simply unfair to Defendants and to others with business before the Court to allow this case to remain pending without any sign of forward progress. Therefore, it is recommended that Defendants' motion to dismiss be granted, and the action be dismissed without prejudice for Plaintiff's failure to prosecute.

With regard to Plaintiff's motion for appointment of counsel, it is noted that a court has wide discretion in determining whether to appoint counsel for an indigent prisoner in a civil case.  See Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." Id. The factors to be considered in making such a determination include "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Id.; Toevs v. Reid, __ F.3d __, 2012 WL 1085802, at *8 (10th Cir. 2012); Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir.1995).

The Court has previously determined that the merits of Plaintiff's claims and the nature and complexity of the factual and legal issues do not require the assistance of counsel. However, the undersigned has carefully considered Plaintiff's health issues and their affect on his ability to present his claims. Although the undersigned has taken into consideration Plaintiff's sworn statement about the effect of his stroke, Plaintiff's description of his condition is cursory and he provided no specifics as to his treatment, rehabilitation, or

prognosis. Although Plaintiff claims that he does not have the funds to pay for copies of his medical records, the only support he gives for this conclusory statement is the fact that he was indigent at the time this action was brought over two years ago.  The undersigned notes that Plaintiff was previously able to obtain a letter from the medical unit at Dick Conner Correctional Center regarding his medical condition, which was attached to his motion for hearing. [Doc. 81, p. 3].  Therefore, even if Plaintiff does not have the funds to obtain a copy of any pertinent medical records, there appears to be no reason why he could not obtain a letter as he did before. To the extent Plaintiff needs to review his records in order to provide specifics as to his condition,  the Oklahoma Department of Corrections provides inmates with a procedure whereby they can review their medical records–and there is no charge for that review.  See  OP-140108(XIII)(A)   http://www.doc.state.ok.us/Offtech/op140108.pdf (accessed April 13, 2012).  Finally, despite his claims of incapacity and the lack of inmate assistance, Plaintiff has continued to obtain such assistance to file motions, responses, and even propound his own discovery requests after his allegedly debilitating stroke.

In light of Plaintiff's failure to support his claim that he is unable to investigate facts and present his claims due to his stroke, or show that he is unable to obtain information regarding the specifics of his medical condition, the undersigned **hereby DENIES Plaintiff's request for appointment of counsel [Doc. No. 95].**

## RECOMMENDATION

For the foregoing reasons, it is recommended that Defendants' motion to dismiss [Doc. No. 94] be granted, and that Plaintiff's action be dismissed without prejudice for

failure to prosecute. The Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 8, 2012, in accordance with 28 U.S.C. § 636 and Federal Civil Rule of Procedure 72. The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

     **IT IS SO ORDERED this 18th day of April, 2012.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE